Barnard, P. J.
- The testator died in Brooklyn on the 15th of March, 1886. He was an ol 1 man nearly seventy years of age. He left three daughters, all residents of Brooklyn. He left the will which is proposed for probate dated on the 1st of March, 1886. By the will the deceased gave all his property to Susan Stack, one of his daughters. The others file objections to the probate and this appeal brings up the testimony taken upon the trial before the surrogate of Kings county. The proof shows the testator to have been addicted to the use of strong drink, but there is no proof tending to show any general incapacity. The physician who attended him at the date of the will stated that his mind was clear and continued to be clear; “he remained rational down to the time of his death.” No strong drink was seen by the physician in the sick room and the deceased was never “ under the influence of liquor.”
With the general proof of capacity and with the particular proof by the physician of "the clear mind of the testator on the day of the execution of the will, the proof seems to abundantly establish the proposed will.
The draftsman of the will, Petrie, found a message from the deceased, who was well known to h m. This message came on Saturday and on Monday, March 1, 188'\ he went to see him. The testator gave his instructions for the will. He was of sound mind and under no restraint. The will, the draftsman *869 states, was drawn, exactly in conformity with the instructions. There was another old friend of the deceased (Ehrstein) who accompanied Petrie to the sick room and heard the instructions. The testator, according to this witness also, was in “his full senses, of sound mind and memory.” Both witnesses testify to the statute requirements in the execution of the will. The testator read it and it was read to him. He pronounced it to be his will, and he requested Pe rie and Ehrstein to attest it as witnesses, all of which was done. The case for the contestants was principally made out by proof tending to show that the legatee, Mrs. Stack, had said that she had got Ehrstein to influence her mother to make a will that if her father died intestate “ one will have as much as the other and I have this trouble."
As the deceased lived with and was taken care of by Mrs. Stack, it would be no proof of undue influence if the legatee had said so, but she denies it wholly. There is other proof of declaration by the beneficiary in respect to a new will which she said her father wanted to make. She denies this also. Upon the whole case there is no sufficient evidence to'justify a refusal to probate the will. Mrs. Stack may have sent for Petrie and Ehrstein, and the witnesses may differ as to the fact whether the draftsman took ink with him or not. The general state of the case would be unaffected thereby. There is no strength in the evidence as to the deceased’s bed-room door being kept locked. It was done at his request, and if it tended to show incapacity the evidence of his soundness is so well established on the occasion of the execution of the will as to deny its efficiency for that purpose.
The judgment of the surrogate should be affirmed, with costs.
Dykman and Pratt, JJ., concur,